No. 01-404

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 261N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRIAN DOYLE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brian Doyle, Missoula County Detention Center, Missoula Montana
(*pro se*)

For Respondent:

Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
Montana Attorney General, Helena, Montana; Brant S. Light, Cascade
County Attorney, Susan L. Weber, Deputy Cascade County Attorney,
Great Falls, Montana

Submitted on Briefs:  October 18, 2001

Decided:  November 22, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Brian Doyle (Doyle) appeals from an order of the Eighth Judicial District Court, Cascade County, denying him credit for time served.  We affirm.

## BACKGROUND

¶3    Doyle, a probationer, was arrested on April 18, 2000, for having committed various thefts between February 12 and February 22, 2000.  Following Doyle's arrest, the State initiated probation revocation proceedings in two prior criminal cases (Cause Nos. ADC-98-013 and CDC-98-014) for which Doyle was serving a suspended sentence.  The State also filed an information charging Doyle with felony theft, common scheme, in the action (ADC-00-180) now on appeal.  Before the court had resolved the new charges and the probation violations, Doyle entered into a plea agreement.  Under this agreement, Doyle agreed to plead guilty to felony theft, a common scheme, and to answer "true" to the probation violations alleged in the other two causes of action.

¶4    On June 27, 2000, Doyle appeared with counsel and entered his plea of guilty to the felony theft (common scheme) charge.  At the sentencing hearing on July 25, 2000, the court sentenced the defendant to six years with the Department of Corrections with three years suspended, to run concurrently with the sentences in CDC-98-014 and ADC-98-013.  The court also gave credit for 99

days for time served. The court's written sentence, filed August 15, 2000, tracks that disposition. On November 6, 2000, Doyle's counsel was allowed to withdraw.

¶5 A couple of weeks later, Doyle, acting *pro se*, filed his motion for transcripts (in Cause No. ADC-00-180) along with his "Motion for Time Served." In this latter motion Doyle contended he was entitled to credit for time served in the amount of 369 days which he claimed was spent in the Intensive Supervision Program (ISP) prior to his arrest on the present charge. The State answered that Doyle was not entitled to credit for time served prior to his arrest on the present charge because the time spent in the ISP was the result of a previous conviction in another matter and that Doyle could not be credited for time he spent in a program prior to being arrested on the present charge. The State pointed out that the present charge occurred approximately six to seven months after the defendant's release from the ISP program for which he sought credit for time served. Accordingly, the State maintained that Doyle was only entitled to the 99 days credit which the court granted him.

¶6 Notwithstanding the State's response, the District Court issued an order on March 7, 2001, granting Doyle credit for time served on the ISP in the amount of 295 days. The State promptly filed its motion to reconsider, pointing out that the court had granted the defendant credit for time he had served before the present offense in Cause No. ADC-00-180 was even committed. In response, the court entered its order on April 27, 2001, granting the State's motion to reconsider and vacating its March 7 order granting Doyle the additional 295 days credit for time served on the ISP.

¶7 Doyle timely appeals the court's order vacating its March 7, 2001 order.

### STANDARD OF REVIEW

¶8 Our review of a criminal sentence imposed by a district court is limited to questions of legality and is confined to whether the sentence is within the parameters provided by statute. *State*

3

*v. Muhammad*, 2002 MT 47, ¶ 18, 309 Mont. 1, ¶ 18, 43 P.3d 318, ¶ 18 (citations omitted). We review the trial court's conclusions of law to determine whether they are correct. *State v. Boucher*, 2002 MT 114, ¶ 10, 309 Mont. 514, ¶ 10, 48 P.3d 21, ¶ 10 (citations omitted).

## DISCUSSION

¶9     On appeal, Doyle argues that the State was required to appeal Judge McKittrick's March 7, 2001 order and that because the State moved to reconsider rather than file a notice of appeal, the State must be precluded from now objecting to Judge McKittrick's order granting Doyle the 295 days credit served on the ISP.

¶10     None of the authorities cited by Doyle persuade us that this conclusion is correct. When the State believed that Judge McKittrick had entered an improper order, the State was entitled to request the Judge to reconsider his decision. Doyle cites no authority that required the State to file a notice of appeal in lieu of filing its motion for reconsideration. Indeed, if the court had declined to reconsider its March 7, 2001 order, the State would then have been entitled to appeal that decision. Section 46-20-103(2)(h), MCA (the State may appeal an order or judgment imposing a sentence that is contrary to law).

¶11     More to the point, the court is only required to give credit for time served on the offense in question. Section 46-18-403(1), MCA, provides:

> Any person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

We have consistently interpreted this statute to require the sentencing court to give credit for time served on the offense in question. *See State v. Horton*, 2001 MT 100, ¶ 32, 305 Mont. 242, ¶ 32, 25 P.3d 886, ¶ 32; *State v. Race* (1997), 285 Mont. 177, 181-82, 946 P.2d 641, 643-44.

4

¶12    Doyle fails to cite any authority for the proposition that the sentencing court must also give credit for time served on another offense when sentencing on a current conviction. Indeed, Doyle never disputes the State's contention that the present charge was committed approximately six to seven months after his release from the ISP for which he now seeks credit for time served.

¶13    We conclude that the District Court correctly vacated its March 7, 2001 order granting Doyle 295 days credit for time served on a prior offense. Doyle was properly credited with 99 days served in the county jail on the present offense and he is entitled to no more credit than that.

¶14    The District Court's order granting the State's motion to reconsider is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM RICE
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

5