No. 04-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT  298

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CHRISTINA R. FYANT,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula, Cause No. DC 2003-363
                The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Jeffrey T. Renz, Tyler Moss, Intern, School of Law, University of Montana, Missoula, Montana


        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Anthony C. Johnstone, Assistant Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Kent Lear, Intern, Missoula, Montana


Submitted on Briefs:  August 11, 2004

Decided:   October 26, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Christina R. Fyant (Fyant) appeals the judgment of the Fourth Judicial District Court, Missoula County, denying her Motion for Assumption of Jurisdiction.

¶2 We address the following issue on appeal and affirm: Did the District Court err in denying Fyant's Motion for Assumption of Jurisdiction? We decline to address Fyant's second issue raised on appeal, given that we affirm the District Court's denial of Fyant's Motion for Assumption of Jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On August 18, 2002, Fyant, who was in the process of driving her intoxicated friends home, was pulled over because the vehicle she was driving--her boyfriend's vehicle--did not have a license plate light, nor was it insured. Upon failing to provide proof of insurance, Fyant received a citation and then was permitted to finish driving her friends home.

¶4 Fyant voluntarily, upon questioning from the District Court, pled guilty to failing to provide proof of insurance--her second offense. In exchange for her guilty plea, it was agreed that Fyant would receive a 10 day suspended jail sentence, a $20.00 surcharge, and a $350.00 fine, with all or part of the fine suspended upon a finding by the Justice Court of Fyant's inability to pay.

¶5 Fyant introduced evidence at Justice Court that her 2002 income was approximately $9,000.00; that her expected annual income for 2003 was approximately $5,000.00; and that she had two children, no husband, and received no child support.

¶6 The Justice Court made no determination regarding Fyant's ability to pay the fines

and refused to suspend the fines. Fyant then filed a timely appeal to the District Court, arguing that the sentence imposed was illegal and bringing the question of subject matter jurisdiction to the District Court's attention. The District Court found that "Fyant failed to provide any statutory authority for appeal," and it, therefore, lacked subject matter jurisdiction to determine Fyant's appeal.

## STANDARD OF REVIEW

¶7 Whether a court has subject matter jurisdiction is a question of law. We review a district court's conclusions of law to determine whether they are correct. *State v. Boucher*, 2002 MT 114, ¶ 10, 309 Mont. 514, ¶ 10, 48 P.3d 21, ¶ 10.

## DISCUSSION

¶8 **Did the District Court err in denying Fyant's Motion for Assumption of Jurisdiction?**

¶9 Fyant argues that since the State is authorized by statute to appeal illegal sentences in certain cases, then that right must be reciprocal under the Montana and United States Constitutions. In addition, Fyant argues that there exists a discrepancy between § 46-17-311, MCA, which provides grounds upon which a defendant may appeal in a criminal case from a court of limited jurisdiction, and § 46-20-103, MCA, which provides the State with different grounds for appeal. As such, Fyant argues that she "does not fall under any of the four categories to which criminal defendants are expressly limited" by § 46-17-311, MCA, and "[b]ecause she appealed an illegal sentence she would have grounds for appeal if she had been the State."

3

¶10    The State of Montana (the State) argues that the legislature has clearly spoken on the issue Fyant propounds, namely that "a plea of guilty or nolo contendere in a justice's court . . . waives the right of trial de novo in district court." In addition, the State argues that this Court has also addressed this issue in *State v. Feight*, 2001 MT 205, 306 Mont. 312, 33 P.3d 623, "in holding that the law provides no appeal from a guilty plea entered in justice court." As such, the State contends that Fyant misleadingly cites to the proposition that a district court has "general appellate jurisdiction,"regarding Fyant's guilty plea in Justice Court. As to Fyant's constitutional arguments, the State cites *Boucher* for the proposition that "Montana law does not require such an odd remedy as a new trial for an illegal sentence claim following a guilty plea." Indeed, the State argues that Fyant's sole recourse is a postconviction relief proceeding, given that "[u]nless a specific issue has been preserved for appeal prior to final judgment, our laws provide no appeal from a plea of guilty or nolo contendere entered in a court of limited jurisdiction."

¶11    Section 46-21-101, MCA, states:

> (1) A person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the constitution or the laws of this state or the constitution of the United States . . . may petition the court that imposed the sentence to vacate, set aside, or correct the sentence or revocation order.
>
> (2) If the sentence was imposed by a justice's, municipal, or city court, the petition may not be filed unless the petitioner has exhausted all appeal remedies provided by law. The petition must be filed with the district court in the county where the lower court is located.

¶12   As the above-quoted statute states, and as we noted in *Boucher*, "[t]he right to postconviction relief is available to a defendant whose sentence was imposed by a justice, municipal or city court," and is available "when the sentence violates state law, the Montana Constitution or the Constitution of the United States." *Boucher*, ¶ 17. However, this right to postconviction relief is only available once a defendant has exhausted all appeal remedies provided by law. Section 46-21-101(1), MCA; *Boucher*, ¶ 17.

¶13   In addition, we recently held in *Peña v. State*, 2004 MT 293, ___ Mont. ___, ___ P.3d ___, that jurisdictional claims before a court include those claims that challenge the court's "'power' or 'capacity' to entertain the subject matter of the proceeding and render a determination therein." *Peña*, ¶ 22.

¶14   Section 46-17-203(2)(a), MCA, states that a "plea of guilty or nolo contendere in a justice's court, city court, or other court of limited jurisdiction waives the right of trial de novo in district court." However, for the waiver to take effect, "[a] defendant must be informed of the waiver before the plea is accepted, and the justice or judge shall question the defendant to ensure that the plea and waiver are entered voluntarily." Section 46-17-203(2)(a), MCA.

¶15   Here, Fyant pled guilty to driving without insurance--her second offense. As part of her plea, she agreed to pay certain statutory fines, with all or part of those fines suspended upon a finding by the Justice Court that she was unable to pay them. The Justice Court, however, did not make such a finding. Hence, Fyant has available to her the remedy of postconviction relief, under § 46-21-101, MCA, having met the necessary criteria. Her

5

remedy is not a trial *de novo* at the District Court.  Section 46-17-203(2)(a), MCA, clearly states that a trial *de novo* is not available to a defendant who voluntarily pleads guilty. Hence, as in *Peña*, the District Court did not have the "'power' or 'capacity' to entertain the subject matter of the proceeding and render a determination therein."  Therefore, we conclude that the District Court was correct in determining that it lacked jurisdiction to consider Fyant's appeal.

¶16    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ JIM RICE