No. 04-680

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 170

CBM COLLECTIONS, INC.,

      Plaintiff and Respondent,

  v.

FRED FERREIRA,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2004-619,
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Anthony L. Silvestri and Torrance L. Coburn, Tipp & Buley,
Missoula, Montana

      For Respondent:

          Elizabeth A. Ries-Simpson, Attorney at Law, Missoula, Montana

Submitted on Briefs:  May 4, 2005

Decided:  July 1, 2005

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Fred Ferreira appeals from the District Court's judgment affirming the Justice Court's denial of his motion to set aside because the thirty-day deadline for filing an application for relief under Rule 22A, Montana Justice and City Court Rules of Civil Procedure (M.J.C.C.R.Civ.P.), had elapsed. We affirm.

## BACKGROUND

¶2 The Justice Court entered a default judgment in the amount of $1635.33 plus interest for CBM Collections, Inc. (CBM), and against Ferriera. Sixty-four days later, CBM executed judgment against Ferreira. Fourteen days after that, Ferreira filed a Motion to Set Aside or Quash the default judgment in the Justice Court. Among the allegations in that motion, Ferreira asserted that he was not given notice of the judgment:

> Under the circumstances he was deprived of notice by the error of the Court in restricting it's [sic] mailing against the mail being forwarded by directing the [United States Postal Service] only to "Return to Sender" by it's [sic] instructions printed upon the face of the envelope "RETURN SERVICE REQUESTED". This has deprived him of due process of law to which he is entitled and guaranteed.[1]

The Justice Court, without comment, refused to set aside or quash the default judgment. Ferreira appealed to the District Court. The District Court reasoned that Rule 22A, M.J.C.C.R.Civ.P., allowed Ferreira only thirty days after the entry of judgment during which to apply for relief from the judgment. Ferreira had filed his Motion to Set Aside or Quash

___

[1]CBM argues that Ferriera failed to preserve his due process claim for appeal. His motion clearly addresses due process, and the issue is preserved.

2

after those thirty days had elapsed. The District Court decided that, since Ferreira failed to file his motion in time, the Justice Court did not abuse its discretion in refusing to set aside the judgment.

¶3 We will address one issue: do justice courts have jurisdiction to review judgments for procedural due process errors after the thirty days for setting aside judgments have elapsed under Rule 22A, M.J.C.C.R.Civ.P.?

## STANDARD OF REVIEW

¶4 "Whether a court has subject matter jurisdiction is a question of law. We review a district court's conclusions of law to determine whether they are correct." *State v. Fyant*, 2004 MT 298, ¶ 7, 323 Mont. 408, ¶ 7, 104 P.3d 434, ¶ 7.

## DISCUSSION

¶5 Montana Constitution Article II, Section 17, provides that "No person shall be deprived of life, liberty, or property without due process of law." Similarly, the Fourteenth Amendment to the Constitution of the United States of America, Section 1, provides that, "nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." Ferreira alleges that the thirty-day limit in Rule 22A, M.J.C.C.R.Civ.P., cannot bar the Justice Court from considering his claim that he was denied due process through lack of notice.[2]

---

[2]Ferreira also argues that the Justice Court could have amended the judgment under Rule 22B, M.J.C.C.R.Civ.P., as a clerical error. CBM asserts that, like Rule 60(a), M.R.Civ.P., clerical errors under Rule 22B, M.J.C.C.R.Civ.P., "made by a court through mistake, inadvertence, want of sufficient consideration, oversight or otherwise," do not affect the substantial rights of the parties. *Thomas v. Thomas* (1980), 189 Mont. 547,

3

¶6 The Justice Court dismissed Ferreira's Due Process Clause claim because once the thirty-day time period under Rule 22A, M.J.C.C.R.Civ.P., had elapsed, it had no further subject matter jurisdiction. Nevertheless, a statutory eddy cannot hold back the tide of the Constitution. *Marbury v. Madison* (1803), 5 U.S. 137, 2 L.Ed. 60. The United States Supreme Court has recognized that courts must have subject matter jurisdiction over constitutional due process claims *after* the initial deprivation:

> The Fourteenth Amendment declares that no State shall "deprive any person of life, liberty, or property, without due process of law." This prohibition has regard not to matters of form, but to substance of right. Since its adoption, whatever was the rule before, a non-resident party against whom a personal action is instituted in a state court without service of process upon him *may*, if he please, ignore the proceeding as wholly ineffective, and *set up its invalidity if and when an attempt is made to take his property thereunder*, or when he is sued upon it in the same or another jurisdiction.

*Western Life Indem. Co. v. Rupp* (1914), 235 U.S. 261, 273, 35 S.Ct. 37, 40-41, 59 L.Ed. 220, 224 (emphases added) (citing *Pennoyer v. Neff* (1877), 95 U.S. 714, 732-33, 24 L.Ed. 565, 572) (*overruled on other grounds by Shaffer v. Heitner* (1977), 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683).

---

551, 617 P.2d 133, 135 (citation omitted) (quotations omitted) (emphasis removed). We agree with CBM's analogy. Changes that "affect the substantial rights of litigants are judicial errors and cannot be corrected or removed by summary action of the court which made them . . . ." *Thomas*, 189 Mont. at 551, 617 P.2d at 135 (citation omitted) (quotations omitted) (emphasis removed). Violations of due process are not mere clerical errors that a court can fix summarily; rather, they affect the substantial rights of the parties. The Justice Court cannot correct any due process error by invoking Rule 22B, M.J.C.C.R.Civ.P.

¶7     *Pennoyer* acknowledged that federal courts have subject matter jurisdiction to determine whether a lack of procedural due process deprived a court of personal jurisdiction when it decided a case:

> Since the adoption of the Fourteenth Amendment to the Federal Constitution, the validity of such judgments may be directly questioned, and their enforcement in the State resisted, on the ground that proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law.

*Pennoyer,* 95 U.S. at 732-33, 24 L.Ed. at 572.  Inadequate notice is a personal-jurisdictional defect that may render the prior decision invalid.  *Griffin v. Griffin* (1946), 327 U.S. 220, 228, 66 S.Ct. 556, 560, 90 L.Ed. 635, 640.

¶8     *Griffin* requires the moving party to provide notice of any proceeding that would substantially affect the nonmoving party's rights—even after the initial service of process. *Griffin,*  327 U.S. at 231-32, 66 S.Ct. at 562, 90 L.Ed. at 642.  In *Griffin*, the wife had served process on the husband in the original contested divorce action.  Twelve years later, when she moved the trial court to order the husband to pay alimony arrears, he contested the motion, but lost.  Two years after that, while the husband was living in the District of Columbia, the wife moved the trial court to order payment of further arrears for the intervening years.  The court granted that motion in an ex parte proceeding without any notice to the husband.  When the wife executed on the judgment in the District of Columbia, the husband attacked the judgment for lack of notice.  The Supreme Court agreed.  It decided that, although the husband had received initial service of process, the wife had to have given him notice of any subsequent proceeding that would have substantially affected his rights.

5

*See Griffin*, 327 U.S. at 231-32, 66 S.Ct. at 562, 90 L.Ed. at 642. The Court voided the New York judgment for lack of personal jurisdiction.

¶9 In contending that he was not given notice of the judgment, Ferreira is, in effect, contending that the judgment is void. Generally, Rule 60(b)(4), M.R.Civ.P., gives district courts jurisdiction to decide whether a judgment is void: "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . ." If the judgment debtor alleges the judgment is void, she must make a motion within a reasonable time. Rule 60(b), M.R.Civ.P. ("The motion shall be made within a reasonable time . . . .").

¶10 Unfortunately for Ferriera, justice courts do not follow the Montana Rules of Civil Procedure. Rule 1, M.J.C.C.R.Civ.P. Unlike Rule 60(b), M.R.Civ.P., Rule 22A, M.J.C.C.R.Civ.P., does not allow a party to challenge a justice court judgment as being void:

> A. RELIEF. A judge may, on such terms as may be just and on the payment of costs, relieve a party from any judgment taken against the party by mistake, inadvertence, surprise, or excusable neglect, but the application for relief must be made within 30 days after entry of the judgment and upon an affidavit showing good cause for it. The party applying for relief shall serve the application and give notice of hearing to all other parties. The court shall set a hearing within 10 days after receipt of the application.

Although we affirm the Justice Court's conclusion that, once the thirty days expired, Ferreira had no recourse under Rule 22A, M.J.C.C.R.Civ.P., that is not to say that he is without a remedy. As a general rule, parties may not collaterally attack judgments. *Joseph Russell Realty Co. v. Kenneally* (1980), 185 Mont. 496, 501, 605 P.2d 1107, 1110. Parties may,

however, collaterally attack judgments as void for lack of jurisdiction. *Joseph Russell Realty Co.*, 185 Mont. at 496, 605 P.2d at 1110. If he so chooses, Ferreira can file an independent action collaterally attacking the Justice Court judgment for lack of personal jurisdiction.

¶11     We affirm.


                                              /S/ W. WILLIAM LEAPHART


We Concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

Chief Justice Gray, specially concurring.

¶12    I concur in the result the Court reaches.  I do not agree with everything in the Court's opinion.

¶13    The Court states the issue as whether justice courts have jurisdiction to review judgments for procedural due process errors after the thirty days for setting aside judgments have elapsed under Rule 22A, M.J.C.C.R.Civ.P.  The Court correctly concludes justice courts do not have such jurisdiction and, consequently, affirms the District Court.

¶14    At the close of its opinion, however, the Court goes well beyond the issue presented and the legal analysis necessary to resolve that issue.  Indeed, it gives legal advice to a private party--one represented by counsel, no less--about another "remedy" available for collaterally attacking the justice court judgment.  It is my view that we have no business giving such advice to parties in a legal action.  The Court's opinion should end after its recitation of Rule 22A and its conclusion that neither the justice court nor the District Court erred.

/S/ KARLA M. GRAY