No. DA 06-0271

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 40

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

GARY GENE FRAZIER, JR.,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-630,
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Frank A. Piocos, Deputy Public Defender, Billings, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

            Dennis Paxinos, County Attorney, Missoula, Montana

Submitted on Briefs:  December 6, 2006

Decided:  February 13, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Defendant Gary Frazier appeals the District Court's denial of his motion to withdraw the guilty plea he made in Justice Court to partner or family member assault. We reverse and remand to the District Court.

¶2    We restate the issue as follows:

¶3    Did the District Court err in denying Frazier's motion to withdraw his guilty plea?

**BACKGROUND**

¶4    On June 26, 2005, Frazier called 9-1-1 to report that his wife, Chrissy Frazier, was beating him and was impeding him from leaving their home. Based upon his wife's subsequent statement to the police that Frazier had pushed her to the ground and caused her fear, Frazier was charged with one count of partner or family member assault (PFMA).

¶5    On June 27, 2005, while at the Yellowstone County Detention Center, Frazier, without legal counsel or the benefit of a plea agreement, appeared via video before the Yellowstone County Justice Court for arraignment. The court advised Frazier of his constitutional rights and the minimum and maximum penalties for the offense charged. The court apparently also asked Frazier if he understood that by pleading guilty, he was admitting the facts contained in the notice to appear and complaint. However, the court did not specifically ask Frazier what the factual basis was for his plea. In other words, the court did not ask Frazier to relate what he did that constituted the offense of PFMA.

¶6    Frazier then entered a plea of guilty to PFMA, which the court accepted. The court sentenced Frazier to pay a fine of $1,000, and serve twelve months in jail, but

2

suspended this sentence for twelve months with the requirement that Frazier pay a $350 fine, complete forty hours of anger management counseling, have no contact with the victim, and not possess any firearms or ammunition.

¶7 On June 28, one day after he pled guilty, Frazier filed a motion to withdraw his guilty plea, stating that he only pled guilty because he thought it was the fastest way to be released from jail, that he would like to speak to the public defender, and that he was strapped for money. After the Justice Court denied Frazier's motion, Frazier filed a notice of appeal to the District Court. On October 26, 2005, the District Court held an evidentiary hearing on Frazier's motion to withdraw his guilty plea, at the conclusion of which the court denied the motion. Frazier subsequently filed this appeal.

## STANDARD OF REVIEW

¶8 We review a defendant's motion to withdraw a guilty plea to determine if the guilty plea was voluntary. Our determination of whether a plea was voluntary is a mixed question of law and fact, which we review *de novo*. *State v. Muhammad*, 2005 MT 234, ¶ 12, 328 Mont. 397, ¶ 12, 121 P.3d 521, ¶ 12 (citing *State v. Warclub*, 2005 MT 149, ¶ 23, 327 Mont. 352, ¶ 23, 114 P.3d 254, ¶ 23).

## DISCUSSION

¶9 **Did the District Court err in denying Frazier's motion to withdraw his guilty plea?**

¶10 To determine whether a defendant entered a plea voluntarily, and whether the district court erred in denying a defendant's motion to withdraw a guilty plea, we examine "case-specific considerations," including the adequacy of the court's

3

interrogation and whether there was a dismissal of another charge via plea bargain. *Muhammad*, ¶ 14 (citing *Warclub*, ¶ 19). However, a claim of actual innocence does not affect the voluntariness of a plea because "a defendant's belief in his innocence or his fear of going to trial do not preclude him from making a voluntary and intelligent choice between possible alternative courses of action." *Muhammad*, ¶ 16 (quoting *State v. Lone Elk*, 2005 MT 56, ¶ 25, 326 Mont. 214, ¶ 25, 108 P.3d 500, ¶ 25).

¶11 Frazier claims the District Court erred in denying his motion to withdraw his plea because the plea colloquy was inadequate, there was no plea bargain, and there is evidence that he is innocent. We may summarily dismiss Frazier's actual innocence claim because a defendant who believes he is innocent may still make the voluntary choice to plead guilty. Additionally, we recognize that Frazier did not have the benefit of a plea bargain which, while not dispositive, is a factor this Court may consider concerning voluntariness. *See Lone Elk*, ¶ 16. We are thus left with Frazier's inadequate plea colloquy contention, which we conclude has merit and is discussed below.

¶12 *A. Did Frazier fail to preserve his claim that the plea colloquy was inadequate by not specifically raising the issue in his* pro se *motion to the Justice Court?*

¶13 Section 46-17-203(2)(b), MCA, allows a defendant in justice court, who claims that his plea of guilty was not entered voluntarily, to move to withdraw the plea. If the motion is denied, the defendant may appeal to the district court.

¶14 The State asserts that Frazier failed to preserve his claim that the plea colloquy was inadequate by failing to specifically raise the claim in his motion to withdraw his guilty plea in Justice Court. According to the State, we must disregard the claim because

4

it is fundamentally unfair to fault a court for failing to rule on an issue it was not given the opportunity to consider.

¶15 Frazier's motion to withdraw, which he submitted *pro se* to the Justice Court, reads:

> I would like to withdraw my guilty plea and enter a not guilty ple [sic]. I plead [sic] guilty because I thought it was the fastes [sic] way to be released from jail, and I would like to talk to a public defender to know what rights and possibility's [sic] I have. I had neck sugery [sic] on May 17[th] and am unable to work. My wife is the sole provider of a family of 5 so we are financual [sic] straped [sic] every penny brought in goes to our mortgage and daily life for our family.

¶16 Admittedly, Frazier did not specifically raise the inadequate plea colloquy issue in his written motion to the Justice Court. However, Frazier's motion was summarily denied without a hearing, and, despite his specific request for counsel, he was not provided counsel who, judging from the issues raised in the District Court, would have raised the issue in a hearing or a brief on Frazier's motion to withdraw. Further, Frazier's motion is similar to, if not more inclusive, than the simplistic motion filed by the defendant at the justice court level in *State v. Boucher*,[1] where we held, despite the fact that the original motion did not specifically raise the inadequate plea colloquy issue, that the District Court erred by not allowing Boucher to withdraw his guilty plea because the court failed to advise Boucher that a plea of guilty would waive his right to appeal. 2002 MT 114, ¶ 28, 309 Mont. 514, ¶ 28, 48 P.3d 21, ¶ 28. Finally, policy dictates that if there is any doubt that a plea was involuntary, the doubt should be resolved in favor of

---

[1]Boucher's motion read: "The plea was entered with the [Defendant's] understanding that he could continue driving. Subsequent events of no fault of any of the parties have proven this to be impossible." *Boucher*, ¶ 4.

the defendant. *Boucher*, ¶ 25 (citations omitted). Thus, we conclude that Frazier adequately raised the plea colloquy issue in his general motion to withdraw his plea.

¶17 *B. Was the Justice Court's interrogation inadequate when the court failed to require Frazier to explain what he did that constituted the crime?*

¶18 Section 46-12-212(1), MCA, prohibits a court from accepting a guilty plea "without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration." A person commits the offense of PFMA if the person purposely or knowingly causes bodily injury, or reasonable apprehension of bodily injury, to a partner or family member. Section 45-5-206(1), MCA. The penalty for the offense includes a minimum jail sentence of twenty-four hours. Section 45-5-206(3)(a)(i), MCA.

¶19 The Justice Court was therefore required to determine whether there was a "factual basis" for Frazier's plea of guilty to PMFA. The court did not, however, ask Frazier to explain what he had done that constituted PMFA. Instead the Justice Court, at most, asked Frazier if he understood that by pleading guilty he was admitting to the facts alleged in the notice to appear and complaint. However, such an indirect and cursory question does not meet the level of interrogation necessary to determine the "factual basis" for the plea.

¶20 A court "need not extract an admission from the defendant of every element of the crime in order to establish a factual basis for the guilty plea." *Muhammad*, ¶ 22 (citations omitted). However, the court must ascertain, from admissions made by the defendant at the plea colloquy, that the acts of the defendant, in a general sense, satisfy the

6

requirements of the crime to which he is pleading guilty. In fact, in all cases where we have upheld the sufficiency of the lower court's determination of a "factual basis," at least since our present voluntariness standard was established in *Lone Elk*, the lower court determined the "factual basis" for a plea through interrogation wherein the defendant stated what he or she did that constituted the offense. *See e.g. Lone Elk,* ¶ 4 (where the court inquired not only about the elements of burglary, but also the elements of the underlying felony of sexual assault); *Warclub*, ¶¶ 7-9 (where the court inquired not only into the acts constituting deliberate homicide, but also into whether the defendant acted in self-defense); and *Muhammad*, ¶ 19 (where the court insured that the defendant was abandoning his "reasonable belief" defense concerning the charge of sexual intercourse with an underage female before the defendant admitted to the elements of the charge).

¶21 We therefore interpret § 46-12-212(1), MCA, as requiring a court to solicit admissions from a defendant regarding what acts the defendant committed that constitute the offense charged. If a defendant is "unwilling to admit to any element of the offense," the court must reject the guilty plea or treat the plea as an "Alford plea" and apply the stricter standards of § 46-12-212(2), MCA, which requires "strong evidence of guilt." *See Commission Comments* to § 46-12-212, MCA. As the Justice Court here failed to properly interrogate Frazier concerning the elements of PFMA, the plea colloquy did not meet the requirements of § 46-12-212, MCA, and was thus inadequate

## CONCLUSION

¶22 The Justice Court's interrogation was inadequate to determine whether there was any factual basis for Frazier's guilty plea. Since any doubts as to whether a plea was

voluntary should be resolved in favor of the defendant, we hold that the District Court erred by not allowing Frazier to withdraw his guilty plea. Therefore, we reverse and remand this matter to the District Court for further proceedings consistent with this Opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

Justice John Warner dissents.

¶23 I dissent. The Court's decision is neither fair to the Justice Court nor justified on its merits.

¶24 The text of Frazier's motion to withdraw his guilty plea in the Justice Court is set out in full at ¶ 15. This Court acknowledges that Frazier did not claim the plea colloquy was inadequate in this motion.

¶25 Montana law is well established that "it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider." *State v. J.C.*, 2004 MT 75, ¶ 45, 320 Mont. 411, ¶ 45, 87 P.3d 501, ¶ 45; *State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, ¶ 17, 67 P.3d 207, ¶ 17. The Court, in ¶ 16, justifies ignoring the law in this instance by saying: (a) the motion was summarily denied; (b) Frazier's motion is as descriptive as the motion in *State v. Boucher*, 2002 MT 114, 309 Mont. 514, 48 P.3d 21; and (c) when there is some doubt whether a plea is voluntary the doubt should be resolved in favor of the defendant, citing *Boucher*. In my view, none of these reasons are sufficient to justify the unfair treatment of the Justice of the Peace, nor are they sufficient to reverse the District Court.

¶26 Neither the Court nor the parties cite any authority which says that it is error to summarily deny a motion which does not state grounds for relief, based on speculation that a lawyer may have been able to raise a legitimate issue.[2] The motion itself does not state any legitimate grounds for withdrawal of a guilty plea. Judge Herman was justified

---

[2] Frazier makes no argument that he did not validly waive his right to have counsel at the time he entered his plea. He makes no argument that he had requested counsel before he made his motion to dismiss.

in denying the motion when he received it two days after the plea was entered. He had no idea that counsel would later allege in District Court that the guilty plea was involuntary because he did not ask Frazier to explain what he had done that constituted the offense. This Court now faults Judge Herman for not ruling on an issue he was never given the opportunity to consider.

¶27 What the defendant's motion may have said in *Boucher* is of no relevance whatever in this case. In *Boucher*, this Court did not discuss whether the Justice Court should have been given the opportunity to consider the true grounds for the motion to withdraw the guilty plea. Nor do the briefs filed in *Boucher* even mention, much less argue, that the established rule of law stated in *State v. J.C.* should or should not be applied. Of course, if an issue is not raised this Court will not consider it. *State v. Rodarte*, 2002 MT 317, ¶ 15, 313 Mont. 131, ¶ 15, 60 P.3d 983, ¶ 15. It is inappropriate in this case to cite *Boucher* as authority for ignoring the rule that the Justice Court should have had the opportunity to consider the true grounds for Frazier's motion.

¶28 I have no disagreement with the proposition that when there is some doubt whether a plea is voluntary, the doubt should be resolved in favor of the defendant. However, I am of the opinion that it is necessary to raise that doubt initially in the trial court, whether it is a court of limited jurisdiction or a district court. If it is no longer the rule that an issue must be presented to the trial court before it is brought to this Court, which is what the Court seems to say in ¶ 16, the Court should so announce and advise the bar that the legion of cases to the contrary are overruled.

10

¶29   Another reason why the Court's conclusion in this case is unfair to Judge Herman bears mentioning. There are two justice courts in Yellowstone County and they are not courts of record. From the transcript of this case we know that these two courts handle about 15,000 cases a year. Judge Herman candidly admitted that he cannot remember each case he handles, which is no surprise. Frazier entered his guilty plea on June 27, 2005. Judge Herman was presented with Frazier's motion to withdraw his plea two days later on June 29, 2005. The motion was admittedly defective and it was denied that same day. Judge Herman was called to testify about this case on October 26, 2005, some four months and hundreds, maybe thousands, of cases later. He could not be expected to and did not remember this particular case. He was justifiably unable to specifically recall his consideration of this particular motion. He was thus unable to fairly defend this particular decision. Under these circumstances, I do not think Judge Herman should be faulted for denying a motion which does not even state the real grounds upon which it is based.

¶30   The Court's conclusion that the plea colloquy was inadequate is also flawed. The record shows that Frazier knew exactly what he was alleged to have done to constitute the offense when he entered his guilty plea.

¶31   Frazier admitted that he had been in an altercation with his wife the evening before he appeared before the justice court. He knew that he was arrested because she alleged he assaulted her. He admitted that he received a copy of the notice to appear and the complaint. Frazier also acknowledged that the copy of the complaint contained a

11

description of what he is alleged to have done to commit the offense of partner or family member assault. The complaint is clearly written and easily understood:

| NOTICE TO APPEAR AND COMPLAINT | Issued YELLOWSTONE COUNTY SHERIFF'S DEPT. By | REPORT # 05-706371 |
|---|---|---|

**STATE OF MONTANA**
THE DEFENDANT IS HEREBY GIVEN NOTICE TO APPEAR IN

☒ JUSTICE ☐ CITY ☐ DISTRICT
☐ YOUTH
COURT OF PEDRO R. HERNANDEZ
COUNTY OF YELLOWSTONE
LOCATED AT Gth Floor County court house
MONTANA ON OR BEFORE
THE 27th DAY OF JUNE 2005
AT 330 ☐ A.M. ☒ P.M.
TO ANSWER THIS CHARGE
IN CUSTODY

DEFENDANT NAME
First GARY  Middle GENE  Last FRAZIER
Street 3727 BITTEROOT
City BILLINGS  State MT  Zip 59105
Sex M  Wt 200  Ht 604  Date of Birth Mo. Day Year 69
Hair BRO  Eyes BRO  SSN
D/L No.  D/L State  D/L Exp. Year
Home Phone 254-1332  Employer  Business Phone

THE ABOVE NAMED DEFENDANT IS CHARGED WITH VIOLATING
☒ MONTANA CODE ☐ CITY CODE ☐ COUNTY ORDINANCE
Section # 45-5-206

DATE 6-27-05
Vehicle License No.
Lic. State  Expired Yes / No
Vehicle Year  Vehicle Co
Vehicle Make
Vehicle Type
☐ Car ☐ Pickup ☐ Motorcycle ☐
UNIFORM VIOLATION CODE

On the 26th day of JUNE, 2005 at 0122 MILITARY TIME

In Yellowstone County, Montana said defendant did knowingly or purposely or negligently COMMIT THE OFFENSE OF PFMA TO WIT: DEFENDANT PUSHED HIS WIFE TO THE GROUND CAUSING FEAR TO HER.

**Affidavit of Probable Cause/Warrant Arrest**

ON 6-26-05 defendant got in a verbal argument with his wife, (the victim). The argument became physical at which point the defendant pushed the victim to the ground. The victim stated she was afraid of her husband. The victim also stated her husband had pushed her another time inside the house just prior to the incident where she was pushed to the ground outside the residence. The victim further stated she had physical pain when she was pushed to the ground.

Namely at (location) 3727 BITTEROOT DR.
Yellowstone County,

Signature of Deputy    Badge Number 327

Subscribed and sworn to before me this _____ day of _____, _____

☐ BA Test Given
☐ Accident
Radar Unit No. _____

Judge or Notary Public

12

¶32 Frazier's counsel stipulated in the District Court that his client can read. Also, any argument that a medical condition caused an involuntary guilty plea was withdrawn in District Court.

¶33 The practice of Judge Herman is to ask each defendant, before a plea of guilty is accepted, whether they understand that by pleading guilty they admit the facts alleged in the complaint. He also informs each defendant that by pleading guilty they are telling the judge that they are conceding the facts that are in the complaint. Not only did Frazier admit that he had a copy of the complaint set forth above, he did not deny that this procedure was followed when he entered his guilty plea.

¶34 Judge Herman made notes at the time that Frazier pled guilty. These notes, in pertinent part, state that in this instance Judge Herman went over the charges twice with Frazier. Again, Frazier did not deny that the judge went over the charges, twice, with him.

¶35 I conclude that the record clearly shows that Judge Herman did determine that there was a factual basis for Frazier's guilty plea before he accepted it, as required by § 46-12-212(1), MCA.

¶36 I dissent.

/S/ JOHN WARNER

13