JUSTICE WARNER
dissents.
¶23 I dissent. The Court’s decision is neither fair to the Justice Court nor justified on its merits.
¶24 The text of Frazier’s motion to withdraw his guilty plea in the Justice Court is set out in full at ¶ 15. This Court acknowledges that Frazier did not claim the plea colloquy was inadequate in this motion. *87 ¶25 Montana law is well established that “it is fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider.” State v. J.C., 2004 MT 75, ¶ 45, 320 Mont. 411, ¶ 45, 87 P.3d 501, ¶ 45; State v. Martinez, 2003 MT 65, ¶ 17, 314 Mont. 434, ¶ 17, 67 P.3d 207, ¶ 17. The Court, in ¶ 16, justifies ignoring the law in this instance by saying: (a) the motion was summarily denied; (b) Frazier’s motion is as descriptive as the motion in State v. Boucher, 2002 MT 114, 309 Mont. 514, 48 P.3d 21; and (c) when there is some doubt whether a plea is voluntary the doubt should be resolved in favor of the defendant, citing Boucher. In my view, none of these reasons are sufficient to justify the unfair treatment of the Justice of the Peace, nor are they sufficient to reverse the District Court.
¶26 Neither the Court nor the parties cite any authority which says that it is error to summarily deny a motion which does not state grounds for relief, based on speculation that a lawyer may have been able to raise a legitimate issue.[1] The motion itself does not state any legitimate grounds for withdrawal of a guilty plea. Judge Herman was justified in denying the motion when he received it two days after the plea was entered. He had no idea that counsel would later allege in District Court that the guilty plea was involuntary because he did not ask Frazier to explain what he had done that constituted the offense. This Court now faults Judge Herman for not ruling on an issue he was never given the opportunity to consider.
¶27 What the defendant’s motion may have said in Boucher is of no relevance whatever in this case. In Boucher, this Court did not discuss whether the Justice Court should have been given the opportunity to consider the true grounds for the motion to withdraw the guilty plea. Nor do the briefs filed in Boucher even mention, much less argue, that the established rule of law stated in State v. J.C. should or should not be applied. Of course, if an issue is not raised this Court will not consider it. State v. Rodarte, 2002 MT 317, ¶ 15, 313 Mont. 131, ¶ 15, 60 P.3d 983, ¶ 15. It is inappropriate in this case to cite Boucher as authority for ignoring the rule that the Justice Court should have had the opportunity to consider the true grounds for Frazier’s motion.
¶28 I have no disagreement with the proposition that when there is some doubt whether a plea is voluntary, the doubt should be resolved *88 in favor of the defendant. However, I am of the opinion that it is necessary to raise that doubt initially in the trial court, whether it is a court of limited jurisdiction or a district court. If it is no longer the rule that an issue must be presented to the trial court before it is brought to this Court, which is what the Court seems to say in ¶ 16, the Court should so announce and advise the bar that the legion of cases to the contrary are overruled.
¶29 Another reason why the Court’s conclusion in this case is unfair to Judge Herman bears mentioning. There are two justice courts in Yellowstone County and they are not courts of record. From the transcript of this case we know that these two courts handle about 15,000 cases a year. Judge Herman candidly admitted that he cannot remember each case he handles, which is no surprise. Frazier entered his guilty plea on June 27, 2005. Judge Herman was presented with Frazier’s motion to withdraw his plea two days later on June 29,2005. The motion was admittedly defective and it was denied that same day. Judge Herman was called to testify about this case on October 26, 2005, some four months and hundreds, maybe thousands, of cases later. He could not be expected to and did not remember this particular case. He was justifiably unable to specifically recall his consideration of this particular motion. He was thus unable to fairly defend this particular decision. Under these circumstances, I do not think Judge Herman should be faulted for denying a motion which does not even state the real grounds upon which it is based.
¶30 The Court’s conclusion that the plea colloquy was inadequate is also flawed. The record shows that Frazier knew exactly what he was alleged to have done to constitute the offense when he entered his guilty plea.
¶31 Frazier admitted that he had been in an altercation with his wife the evening before he appeared before the justice court. He knew that he was arrested because she alleged he assaulted her. He admitted that he received a copy of the notice to appear and the complaint. Frazier also acknowledged that the copy of the complaint contained a description of what he is alleged to have done to commit the offense of partner or family member assault. The complaint is clearly written and easily understood:
*89 [[Image here]]
¶32 Frazier’s counsel stipulated in the District Court that his client can read. Also, any argument that a medical condition caused an involuntary guilty plea was withdrawn in District Court.
¶33 The practice of Judge Herman is to ask each defendant, before a plea of guilty is accepted, whether they understand that by pleading *90 guilty they admit the facts alleged in the complaint. He also informs each defendant that by pleading guilty they are telling the judge that they are conceding the facts that are in the complaint. Not only did Frazier admit that he had a copy of the complaint set forth above, he did not deny that this procedure was followed when he entered his guilty plea.
¶34 Judge Herman made notes at the time that Frazier pled guilty. These notes, in pertinent part, state that in this instance Judge Herman went over the charges twice with Frazier. Again, Frazier did not deny that the judge went over the charges, twice, with him.
¶35 I conclude that the record clearly shows that Judge Herman did determine that there was a factual basis for Frazier’s guilty plea before he accepted it, as required by § 46-12-212(1), MCA.
¶36 I dissent.

 Frazier makes no argument that he did not validly waive his right to have counsel at the time he entered his plea. He makes no argument that he had requested counsel before he made his motion to dismiss.