No. 04-870

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 266

DENNIS MOORE,

    Plaintiff and Appellant,

v.

RONALD BEYE,

    Defendant and Respondent.

FILED

OCT 2 5 2005

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DV 2001-325,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Karl J. Englund, Karl J. Englund, P.C., Missoula, Montana

    For Respondent:

        Milt Datsopoulos and Molly Howard, Datsopoulos, MacDonald & Lind, P.C., Missoula, Montana

        John D. Greef, Attorney at Law, Hamilton, Montana

Submitted on Briefs: September 7, 2005

Decided:    October 25, 2005

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Dennis Moore (Moore) appeals from a decision of the Twenty-First Judicial District Court, Ravalli County, denying his motion to vacate jury award and for a new trial in his action against Respondent Ronald Beye (Beye). We affirm.

¶2     We review whether substantial credible evidence supported the jury's verdict.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     This case arises from an altercation between Moore and Beye at a public meeting of the Ravalli County Commissioners on August 24, 2001. The meeting concerned the controversial issue of airport expansion in Ravalli County. Moore owns a ranch near the airport and staunchly opposes expansion. Beye owns a flying service based primarily at the airport and avidly supports expansion.

¶4     Moore and Beye exchanged unpleasantries while leaving the meeting. Beye then punched Moore on the left side of the jaw. Moore stumbled, but caught himself before falling. He then exclaimed to the crowd, "You saw that. You are my witnesses. I've been assaulted. I want that man arrested." Ravalli County deputies took Beye into custody and the State charged him with misdemeanor assault.

¶5     Moore visited the hospital complaining of back and neck pain two days later. Medical records show he suffered from a lumbar strain and a bruise on his face. Moore contends that he injured his back while reeling from Beye's punch. He has visited several doctors for treatment since the incident.

¶6     Moore filed a complaint against Beye alleging injuries to his back and neck on

November 13, 2001. Moore also sought damages for emotional distress. Beye did not contest that he punched Moore. The court held a jury trial to determine damages on April 19, 2004. Pursuant to a stipulation between the parties, the District Court instructed the jury that Beye had committed a battery as a matter of law and submitted a special verdict form to the jury with the following three questions: (1) Was Moore damaged as a result of the battery? (2) What are the amount of Moore's damages resulting from the battery? (3) Do you find by clear and convincing evidence that Beye acted with malice? The jury voted eleven to one that the battery did not damage Moore.

¶7 Moore filed a motion to vacate jury award and for a new trial on May 18, 2004. Moore contended that the jury's decision contradicted the evidence. He argued that all the evidence presented at trial demonstrated that he suffered some injury. Moore contended that at least minimal damages must arise from the fact that Beye's punch left a mark. The District Court issued an order denying Moore's motion pursuant to Rule 59, M.R.Civ.P., and § 25-11-102(6), MCA, on July 22, 2004. This appeal followed.

**STANDARD OF REVIEW**

¶8 This Court will not reverse a jury verdict supported by substantial credible evidence. Even inherently weak and conflicted evidence may still be considered substantial. *Satterfield v. Medlin*, 2002 MT 260, ¶ 13, 312 Mont. 234, ¶ 13, 59 P.3d 33, ¶ 13. It is within the province of the jury to determine the weight and credibility of evidence, therefore, this Court must view the evidence in the light most favorable to the prevailing party. *Lee v. Kane* (1995), 270 Mont. 505, 511, 893 P.2d 854, 857.

3

¶9 The decision to grant or deny a new trial remains within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of discretion. *Satterfield*, ¶ 14.

## DISCUSSION

¶10 Moore asserts that the jury's finding of no damages contradicts the evidence and must be overturned. Where a jury fails to award any damages when the only evidence of record supports an award, that verdict is not supported by substantial evidence and may be set aside. *Thompson v. City of Bozeman* (1997), 284 Mont. 440, 446, 945 P.2d 48, 52. Moore claims that all the evidence presented indicates that he suffered at least some injury. Moreover, Moore presented exhibits and testimony that the punch left a mark on his neck.

¶11 We must view the evidence, however, in the light most favorable to the prevailing party. *Magart v. Schank*, 2000 MT 279, ¶ 4, 302 Mont. 151, ¶ 4, 13 P.3d 390, ¶ 4. A court "may not substitute its judgment as to the proper amount of damages for that of the jury simply because the jury chose to believe one party over another." *Thompson*, 284 Mont. at 446. The credibility and weight of the evidence are within the province of the jury. *Papich v. Quality Life Concepts, Inc.*, 2004 MT 116, ¶ 29, 321 Mont. 156, ¶ 29, 91 P.3d 553, ¶ 29. The jury stood in a position to evaluate the credibility of the witnesses and weigh the evidence presented by each party.

¶12 Moore presented extensive evidence at trial concerning the injury to his back. Two medical experts testified that the injuries to Moore's back were consistent with being punched and twisting as a result of the blow. Moore submitted the written opinion of

4

another doctor that "as a result of the assault, the patient has sustained a very significant injury. . . ." Moore himself provided extensive testimony concerning the nature of his back pain since the incident. He also presented the testimony of his wife and a life planner regarding the effect of the back injury.

¶13 Moore introduced limited evidence of an injury to his neck. He submitted two pictures taken of his face shortly following the altercation that revealed a mark on his neck. Moore also presented the testimony of an eye witness that "he was bleeding because there was a scratch on his neck." Moore proffered no evidence that he suffered any emotional injuries from the battery.

¶14 Beye countered by introducing evidence at trial that Moore's back injury existed before the altercation at the commissioner's meeting. Ten months before the meeting Moore had reported to the hospital using a cane and complaining of severe back pain similar to the pain complained of following the incident. Beye's medical expert, Dr. Burton, testified that Moore did not sustain his back injury from the punch and he speculated that Moore had a vendetta against Beye that may have been a motivating factor behind the lawsuit. He also testified concerning Moore's alleged neck injury. Dr. Burton stated that "maybe a thumb might have scraped that area of the neck" but it "doesn't look like there's much trauma there."

¶15 We conclude that Beye presented sufficient evidence to uphold the jury's verdict. This Court will uphold a verdict if supported by substantial credible evidence. *See* § 25-11-102(6), MCA. Substantial evidence may be weak or conflicting, but must be greater than

5

trifling or frivolous. *Barrett v. Asarco Inc.* (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080. Beye presented the testimony of several eyewitnesses and a medical expert that Moore sustained no damages. Though Moore presented considerable evidence to the contrary, it is not this Court's function to agree or disagree with the verdict. *Magart*, ¶ 4.

¶16 The overwhelming majority of the evidence Moore presented concerned the injury to his back. Our review of the record reveals that Moore failed to present any evidence that he suffered emotional injuries and that he presented very limited evidence of a scratch on his neck. The testimony of Moore's medical experts, his wife, a medical life planner, and Moore's own testimony concerned his alleged back injury. Beye presented considerable evidence that his punch did not cause Moore's back injury through the testimony of his medical expert. Dr. Burton testified that Beye's punch did not cause Moore's back injury. Moore now relies on the scant testimony he provided concerning his neck pain to contend that substantial credible evidence does not support the jury's verdict of no damages. He presented the pictures taken shortly after the altercation and the testimony of an eyewitness that he had suffered a scratch on his neck. Moore also briefly testified that he suffered from neck pain following the altercation.

¶17 Although Beye did not contradict directly the evidence that Moore presented concerning the mark on Moore's neck, he did present general evidence that Moore had not been damaged by the punch. Eyewitnesses testified that Moore did not appear damaged by the punch. Beye's medical expert, Dr. Burton, noted that Moore had a contusion on his jaw, but testified that it "doesn't look like there's much trauma there" and "maybe a thumb

scraped that area of the neck." Thus, this case differs from the situation in *Thompson* where this Court found that the State's alleged contradictory witnesses provided testimony questioning causation rather than damages. *Thompson*, 284 Mont. at 444-45. Beye's witnesses provided testimony relating to Moore's claim of damages. That contradictory testimony represents more than trifling or frivolous evidence, *Barrett,* 245 Mont. at 200, and when viewed in a light most favorable to Beye, represents substantial credible evidence to support the jury's finding that Moore suffered no damages. *Magart,* ¶ 4.

¶18    Affirmed.

_____
                                        Justice

We Concur:

_____
            Chief Justice

_____

_____

_____

_____
            Justices

7

Justice Patricia O. Cotter concurs.

¶19   I concur in the Court's Opinion. I write separately to distinguish this case from two of our earlier decisions, *Thompson v. City of Bozeman* (1997), 284 Mont. 440, 945 P.2d 48, and *Renville v. Taylor*, 2000 MT 217, 301 Mont. 99, 7 P.3d 400. In each of these cases the defendant admitted fault for the accident at issue, but contested causation of any damages, as is the situation here. And in each of these cases, we concluded that the jury's decision to award zero damages for the pain and suffering of the plaintiff was contrary to the evidence. *Thompson*, 284 Mont. at 447, 945 P.2d at 52; *Renville*, ¶ 26. Relying on these cases, Moore argues that the uncontroverted evidence in this case established that he was injured to at least some degree by the assault, and it was therefore error for the jury to award him no damages.

¶20   While Beye admitted striking Moore, there was conflicting evidence as to whether the blow caused Moore any injury. The jury was not instructed that its job was to determine the extent of Moore's damages; rather, it was asked in the special verdict form to first answer the question: "Was Plaintiff damaged as a result of the battery?" The jury found he was not, which was its province as instructed. No error arising from the manner in which the jury was instructed is asserted.

¶21   Moreover, there is a significant difference between *Thompson* and *Renville*, and the case now before us. In the former cases, although causation was hotly contested, the jury nonetheless awarded special damages to the plaintiff for her medical expenses incurred following the accident. Here, by contrast, the jury awarded Moore nothing, concluding he

was not damaged by the battery. Opinion, ¶ 6. Thus, while it was inconsistent in *Thompson* and *Renville* for the jury to recognize that injuries requiring medical care occurred as a result of the accident, but award no damages for the pain stemming from those injuries, no such discrepancy exists here.

¶22 While I might disagree with the jury's conclusion that no damage occurred as a result of the battery, this was the jury's determination to make. I therefore concur.

_____
Justice

Justice James C. Nelson joins in the concurrence of Justice Patricia O. Cotter.

_____
Justice

9