DA 07-0658

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 54N

R. STEPHEN HANSELL,

     Plaintiff and Appellee,

     v.

MARION F. WADDELL,

     Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 05-1005
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Marion F. Waddell, self-represented, Butte, Montana

     For Appellee:

          Ronald Stephen Hansell, self-represented, Florence, Montana

Submitted on Briefs:  August 19, 2008

Decided:  February 24, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Marion F. Waddell (Waddell) appeals from an order of the Fourth Judicial District Court, Missoula County, granting summary judgment against him and in favor of attorney R. Stephen Hansell (Hansell). We affirm.

¶3 Waddell was injured in November of 2001 in an automobile accident in which a person insured by Safeco Insurance Company (Safeco) was at fault. In February of 2002, Waddell fell in his home and suffered a neck injury. Waddell was also injured in a single vehicle accident in June of 2002. Waddell was covered by health insurance through the American Postal Workers Union (APWU), based on his wife's employment with the U.S. Postal Service. APWU made payments to Waddell and later claimed reimbursement by way of subrogation.

¶4 Waddell hired attorney Douglas DiRe, who was an associate of the Dayton Law Firm, to represent him in a claim against Safeco and in the subrogation claim against him by APWU. Through mediation, the claim against Safeco was settled in February of 2003. From the settlement proceeds, $32,656.75 was placed in the trust account of the Dayton Law Firm, pending settlement of various liens and APWU's subrogation claim. Before these monies were distributed, DiRe died of injuries suffered in an automobile accident.

2

¶5      Attorney Ray Dayton assumed representation of Waddell after DiRe's death.  In November of 2003, APWU increased its subrogation demand to $25,017.63, the total amount it had paid for Waddell's medical expenses.  Waddell blamed Ray Dayton for the increase in the dollar amount of APWU's subrogation claim, and was otherwise dissatisfied with his legal representation.

¶6      Waddell then hired Hansell to represent him and entered into a contingent fee agreement with him.  The scope of the Hansell's representation included efforts to secure a release of the settlement funds held in the Dayton Law Firm trust account, and to make a claim against DiRe's estate, the Dayton Law Firm, and Ray Dayton.

¶7      Acting on behalf of Waddell, Hansell filed Cause No. DV-04-6, *Marion F. Waddell v. The Estate of Douglas DeRi, Ray Dayton and the Dayton Law Firm,* in the Third Judicial District Court, Deer Lodge County.  In general, the complaint alleged that DiRe breached duties he owed to Waddell, that he failed to exercise the standard of care owed by an attorney to his client, and that DiRe mishandled settlement funds.  Waddell also alleged that Dayton and the Dayton Law Firm had misappropriated a part of Waddell's settlement funds and had improperly distributed funds belonging to Waddell.

¶8      The defendants filed a counter-claim against Waddell.  Waddell then signed an amended fee agreement with Hansell that provided for compensation for work performed above the contingent fee provided in the original agreement.

¶9      The lawsuit was ultimately tried to the District Court and judgment was entered in favor of the defendant attorneys.  The defendants were awarded $3,273.55 as costs.

¶10     Waddell did not pay Hansell's claimed attorney fees, expert witness, court reporter,

3

and mediator fees. Hansell filed suit against Waddell in the Missoula County Justice Court seeking to collect these fees in the amount of $7,000. Waddell counterclaimed. The Justice Court held that Missoula County was not a proper venue and dismissed Hansell's complaint.

¶11 Hansell appealed the dismissal to the Fourth Judicial District Court, Missoula County, arguing that Missoula County was a proper venue. He also moved for summary judgment on his complaint.

¶12 The District Court held that Missoula County was a proper venue, and it also granted Hansell's motion for summary judgment, awarding him $9,959.76, plus costs against Waddell. It is from this judgment that Waddell appeals.

¶13 Proper venue is a question of law that requires application of the venue statutes to the facts pled. Our review is plenary. We determine if the district court's decision was legally correct. *Deist v. Thornton,* 2009 MT 21, ¶ 7, 349 Mont. 94, ___ P.3d ___.

¶14 We review a district court's grant of summary judgment *de novo. Smith v. Burlington Northern and Santa Fe Ry. Co.,* 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639. Once the moving party establishes that there are no material issues of fact, we determine whether the moving party is entitled to judgment as a matter of law. *Virginia City v. Olsen,* 2009 MT 3, ¶ 14, 348 Mont. 279, ___ P.3d ___.

¶15 The fee agreement in question was silent concerning venue. When a written agreement does not specify the place of performance, venue is proper either where an attorney's services were to be performed or the county where the defendant resides. *See Whalen v. Montana Right to Life Association,* 2002 MT 328, ¶ 14, 313 Mont. 204, 60 P.3d 972. Hansell, the plaintiff, filed suit in Missoula County, where his office was located.

4

While the trial of the underlying matter was held in Deer Lodge County, it appears the District Court is correct that the majority of Hansell's services were performed in Missoula County. Therefore, we will not disturb the District Court's conclusion that venue is proper in Missoula County.

¶16 In contract actions for the recovery of money, recovery in justice court is limited to $7,000, excluding costs. Section 3-10-301(1)(b), MCA. However, when the Justice Court dismissed Hansell's action, the proceeding ended. *Bugger v. McGough,* 2006 MT 248, ¶23, 334 Mont. 77, 144 P.3d 802. The District Court was acting within its original jurisdiction in issuing a judgment in excess of $7,000. *Bugger,* ¶ 22; § 3-5-302, MCA. The $9,959.76, plus costs is within the District Court's jurisdiction.

¶17 Hansell filed an affidavit stating that he had entered into a contract with Waddell, that Waddell had breached the contract, and that he had been damaged in the amount claimed. He thereby satisfied his burden of presenting evidence that there were no issues of material fact and that he was entitled to judgment as a matter of law. The burden then shifted to Waddell to come forward with substantial evidence that raised a material fact. *Virginia City,* ¶ 14. While Waddell argued that Hansell did not do a good job in the Deer Lodge County lawsuit, he filed nothing to rebut Hansell's affidavit. Waddell presented no reliable, credible evidence that he had not breached his contract with Hansell. Nor did Waddell come forward with other than conclusory statements that he would have prevailed in the Deer Lodge County lawsuit but for Hansell's ineptitude. The District Court did not err in concluding that there were no material facts at issue and that Hansell is entitled to judgment as a matter of law.

¶18     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit. The issues presented are controlled by settled Montana law that the District Court correctly applied.

¶19     Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE

6