FILED

September 15 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0016

DA 15-0016

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 275

DALE E. SWAPINSKI,

       Petitioner and Appellant,

   v.

LINCOLN COUNTY, LINCOLN COUNTY
COMMISSIONERS ANTHONY BERGET,
RON DOWNEY, and MIKE COLE, and
EXECUTIVE ASSISTANT BILL BISCHOFF,

       Respondents and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                  In and For the County of Lincoln, Cause No. DV 14-138
                  Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Dale E. Swapinski (self-represented); Libby, Montana

       For Appellees:

              Sean Goicoechea, Jinnifer J. Mariman, Moore, Cockrell,
              Goicoechea & Axelberg, P.C.; Kalispell, Montana

                          Submitted on Briefs:  July 29, 2015
                               Decided:  September 15, 2015

Filed:

                                       Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Dale Swapinski appeals from the order and judgment of the Montana Nineteenth Judicial District Court, Lincoln County, awarding attorney fees in favor of Lincoln County (the County).  We affirm in part and reverse in part.

## ISSUES

¶2     We review the following issues:

*1.  Did the District Court err by issuing an order prepared by the County's attorneys?*

*2.  Did the District Court abuse its discretion by considering rates charged by Kalispell attorneys when deciding whether the County's attorney fees were reasonable?*

*3.  Did the District Court abuse its discretion when it awarded supplemental attorney fees to the County?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Swapinski filed a complaint against Lincoln County and several Lincoln County Commissioners on July 7, 2014.  In the complaint, Swapinski alleged certain errors committed in the resignations and appointments of Lincoln County Commissioners.  The District Court granted summary judgment in favor of the County on September 2, 2014.

¶4     Soon thereafter, the County asked the District Court to award it attorney fees.  It claimed that it had incurred $6,721 in fees by the time the District Court ordered summary judgment.  It asked the District Court to award these fees as well as any additional fees that it might incur in establishing the reasonableness of its fees.  Swapinski opposed the award, and the District Court accepted briefs and held a hearing on the matter of whether to award attorney fees.

¶5    At the hearing, the County presented testimony from an expert witness regarding the prevailing rate charged by attorneys working in Lincoln County. The expert testified that she considered the legal market in Lincoln County to include attorneys from Kalispell, since attorneys from there often litigated in Lincoln County. She opined that considering the rates generally charged in Lincoln County, the $170 and $190 per hour charged by the County's attorneys was reasonable. She suggested that several attorneys in Lincoln County might be able to provide lower rates, but that the rates were reasonable in light of the prevailing market and the quality of the County's attorneys. The District Court agreed, awarding the County $6,271 as reasonable attorney fees incurred through the time of its summary judgment order.

¶6    During the hearing, the County also requested that it be awarded the attorney fees it incurred while litigating the issue of attorney fees. Such fees are often referred to as "fees-for-fees." The District Court granted this request, ordering Swapinski to pay the County fees-for-fees in addition to the $6,271 of attorney fees that the County incurred litigating the underlying matter.

¶7    The District Court made the foregoing decisions orally during the attorney fees hearing. At the close of the hearing, it ordered the County to prepare a written order consistent with the decisions it had made during the hearing. The County did so, and, making few or no edits, the District Court signed and issued the order. The order awarded the County a total of $11,281 of attorney fees, including $4,560 incurred as fees-for-fees. Swapinski appeals.

¶8    We review a district court's conclusions of law for correctness. *Wohl v. City of Missoula*, 2013 MT 46, ¶ 28, 369 Mont. 108, 300 P.3d 1119. If legal authority exists to award attorney fees, then a district court's grant or denial of attorney fees is a discretionary ruling which we review for abuse of discretion. *Wohl*, ¶ 29.

**DISCUSSION**

¶9    *1. Did the District Court err by issuing an order prepared by the County's attorneys?*

¶10    The County's attorneys prepared a written order for the District Court. Swapinski contends that allowing District Courts to adopt orders prepared by party counsel discourages district courts from reaching a careful, reasoned, or accurate decision. He argues for this reason that we should reverse the District Court's order and require it to author its own.

¶11    As the County correctly notes, it is common for district courts to request a draft order from either or both parties' counsel. *See, e.g.*, *Wurl v. Polson Sch. Dist. No. 23*, 2006 MT 8, ¶ 29, 330 Mont. 282, 127 P.3d 436; *In re M.W.*, 2004 MT 301, ¶ 28, 323 Mont. 433, 102 P.3d 6. This practice is not limited, as Swapinski suggests, to Montana district courts. *See* J. A. Bryant, Annotation, *Propriety and Effect of Trial Court's Adoption of Findings Prepared by Prevailing Party*, 54 A.L.R.3d 868, §§ 2a, 3 (1974 & Supp. 2015) (citing cases from 25 states and stating that "no reported case has been found in which the objection [to allowing counsel to prepare findings] has been met with actual success at the appellate level"). We have allowed courts to adopt orders

4

prepared by counsel, stating that "[w]hile we discourage a district court's verbatim adoption of a prevailing party's proposed order, such an action is not per se error. A district court may adopt a party's proposed order where it is sufficiently comprehensive and pertinent to the issues to provide a basis for the decision." *Wurl*, ¶ 29 (citations omitted).

¶12 Despite this rule, Swapinski argues that the District Court's decision to adopt the County's proposed order was erroneous per se. He does not provide any argument or reason why the order was insufficiently comprehensive or impertinent to the issues to provide a basis for the District Court's decision. Nor can we identify any such reason upon reviewing the order. We will not reverse the District Court's order merely because it was prepared by the County's attorneys.

¶13 *2. Did the District Court abuse its discretion by considering rates charged by Kalispell attorneys when deciding whether the County's attorney fees were reasonable?*

¶14 Swapinski claims that an attorney fees award must be reasonable in light of the prevailing rates charged by attorneys in the forum where the underlying suit was litigated. He contends that the District Court improperly compared the County's attorney fees with rates of attorneys from outside Lincoln County. For this reason, he argues that the District Court abused its discretion when it decided that the rates charged by the County's attorneys were reasonable.

¶15 The County disagrees, responding that the District Court only compared the attorney fees at issue with rates charged by attorneys working in Lincoln County. In the alternative, the County argues that the District Court was not required to consider

5

whether the rates charged by the County's attorneys were reasonable in light of any particular community. As we agree that the District Court only compared the County's attorney fees to the rates charged by attorneys practicing in Lincoln County, we do not consider whether it would have been error for the District Court to fail to do so.

¶16 In reaching its decision, the District Court relied upon the expert testimony presented by the County. It considered the rates charged by that expert, who was from and primarily worked in Lincoln County. She charged up to $225 per hour for her services as an attorney. It also considered that the expert believed the rates charged to the County were reasonable. While it acknowledged that in rendering her opinion the expert considered rates charged by attorneys from the Kalispell area, the District Court decided that it was reasonable to do so since "attorneys from the Kalispell area routinely appear" before courts in Lincoln County. The District Court weighed this evidence against the evidence provided by Swapinski, which indicated that an attorney with limited experience had charged Swapinski $90 per hour in a 2011 landlord-tenant dispute.

¶17 Despite Swapinski's contention otherwise, the District Court based its conclusion that the County's attorney fees were reasonable on comparison with the prevailing rate charged by attorneys for work in Lincoln County. Whether or not it would have been error to fail to do so, the District Court decided that, in light of that prevailing rate, the County's attorney fees were reasonable. As Swapinski's argument to the contrary is incorrect, we affirm the District Court's decision that the rate charged by the County's attorneys was reasonable.

6

¶18    *3. Did the District Court abuse its discretion when it awarded supplemental attorney fees to the County?*

¶19    Swapinski argues that the District Court abused its discretion when it awarded the County fees-for-fees. The County responds that it was entitled to the fees based on our decision in *Bugger v. McGough*, 2006 MT 248, 334 Mont. 77, 144 P.3d 802. We disagree.

¶20    Generally, parties prevailing in a civil action in Montana courts are not entitled to attorney fees. *Motta v. Granite Cnty. Comm'rs*, 2013 MT 172, ¶ 28, 370 Mont. 469, 304 P.3d 720. There are some statutory and equitable exceptions to this general rule. *Motta*, ¶ 28. Even when such an exception exists, the prevailing party is generally not entitled to attorney fees incurred in proving the amount and reasonableness of the fees incurred in the underlying action. That is, the prevailing party is generally not entitled to fees-for-fees. *See Motta*, ¶¶ 28-31. Exceptions to this rule are made based on the character of the underlying suit and whether a statute controls the award of attorney fees. *See DeVoe v. City of Missoula*, 2012 MT 72, ¶¶ 25, 29, 364 Mont. 375, 274 P.3d 752.

¶21    Here, no statute allowed attorney fees or fees-for-fees, and the District Court awarded attorney fees based on its equitable authority. When attorney fees are awarded in equity, we allow fees-for-fees in the rare case that exceptional circumstances warrant it. *Motta*, ¶ 31. Fees-for-fees awards are so rare in such cases that even where a vexatious litigant has brought a meritless and frivolous action, we have rejected the district court's award of fees-for-fees. *Motta*, ¶¶ 30-31.

7

¶22 The County incorrectly argues that we held otherwise in *Bugger*. Its holding that "'[t]ime spent determining attorney fees is as much a part of the case . . .' as adjudicating the claim itself" is particular to landlord-tenant actions and the language of the lease agreement that controlled the attorney fees award in that case. *Bugger*, ¶¶ 42-43 (alteration in original). Other cases in which we have held that fees-for-fees are more readily available than in this case are similarly limited to their distinguishable causes of action and controlling statutes. *See DeVoe*, ¶¶ 25, 29; *compare Motta*, ¶¶ 29, 31 (stating that fees-for-fees are generally not awarded) *with Wohl*, ¶ 67 (fees-for-fees are allowed in condemnation actions where the State's objections to a condemnee's fee claim is unreasonable) *and Donnes v. Orlando*, 221 Mont. 356, 362, 720 P.2d 233, 237-38 (1986) (awarding fees-for-fees because § 71-3-124, MCA, mandated an attorney fees award in the lien foreclosure action and "[t]ime spent determining attorney fees [wa]s as much a part of the case as establishing the lien"). In the present case, there is no contractual or statutory language that provides for a fees-for-fees award. Here, the attorney fees award was based on the District Court's equitable powers, and in such cases fees-for-fees are rarely granted and only in exceptional circumstances. *Motta*, ¶¶ 30-31.

¶23 We reverse the District Court's fees-for-fees award because no exceptional circumstances are present here. Moreover, beyond citing the non-controlling precedent discussed above, the County has provided no explanation for why equity demands an award of fees-for-fees in this case. The District Court also failed to provide justification for such an award.

CONCLUSION

¶24 The District Court did not err by issuing an order prepared by the County's counsel. It did not abuse its discretion when it decided that the attorney fees charged by the County's attorneys were reasonable. Despite Swapinski's contention otherwise, the court did not compare the attorney fees to rates charged by practicing attorneys outside the Lincoln County legal market. We do not consider whether it would have been an abuse of discretion for the District Court to do otherwise. The District Court did, however, abuse its discretion when it awarded fees-for-fees in favor of the County. The fees-for-fees award of $4,560 must be deducted from the judgment entered against Swapinski. The District Court is ordered to enter a corrected judgment against Swapinski in the amount of $6,271. In all other respects, the judgment of the District Court is affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

Justice Jim Rice, concurring in part.

¶25 I concur with the Court's resolution of all issues formally raised by Swapinski. Although Swapinski expresses disagreement with the District Court's determination to grant fees, and with some of the court's comments in that regard, his appellate arguments

9

are focused on issues related to the calculation of those fees ("Appellant['s] appeal . . . is strictly centered on the scope and reasonableness of the attorney fees in question.") That being said, I believe Swapinski's observations about the merits of a fee award raise reasonable concerns. While Swapinski's lawsuit regarding the statutory mechanism for resignation and appointment of a new county commissioner may have been based on an incorrect interpretation of the governing statute, he offered a viable argument that was worthy of review. I have certainly seen much worse. I disagree with the District Court's statements that the matter was "a frivolous lawsuit," that Swapinski's disagreement with the appointment process was "a legislative issue" and that the lawsuit "wasn't the avenue to do it." Statutory interpretation is the duty of the courts, and Swapinski was entitled to litigate his concerns that the process had failed to follow the statute. That he lost the argument should not, by itself, justify a fee award.


/S/ JIM RICE