FILED

December 2 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0194

DA 15-0194

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 337

SCOTT ALLAN REIS,

        Plaintiff and Appellee,

    v.

AUSTIN MICHAEL LUCKETT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 13-037
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Paul R. Haffeman, Brooke W. Perkins, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls, Montana

        For Appellee:

            Roland B. Durocher, Hartelius, Durocher & Winter, P.C., Great Falls, Montana

Submitted on Briefs:  October 7, 2015
Decided:  December 2, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Scott Reis and Austin Luckett were involved in a serious three-car motor vehicle accident in Cascade County on February 16, 2010. Luckett admitted liability for the accident. Reis later claimed neck, back, and hand injuries. The Eighth Judicial District Court, Cascade County, conducted a jury trial in December 2014 and the jury held that Luckett's negligence in causing the accident was not the cause of Reis's claimed injuries. On January 9, 2015, Reis filed a Motion to Vacate Jury Verdict and Grant New Trial. Luckett opposed the motion. On March 3, 2015, the court granted Reis's motion. Luckett appeals. We affirm.

## ISSUE

¶2 A restatement of the dispositive issue on appeal is whether the District Court erred in granting Reis's motion for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On February 16, 2010, Reis was traveling eastbound on U. S. highway 87/89 between Belt and Great Falls, Montana. Luckett was driving south on State Road 228 approaching the controlled intersection with Highway 87/89. The roads were "extremely icy" and the weather conditions were poor with dense fog. Despite his attempts to slow or stop his car, Luckett entered the intersection striking at least two vehicles, one of which was driven by Reis. While Reis did not report injuries to the responding police or Luckett immediately after the accident, he claimed that later the same day he began to experience neck and back pain as well as pain in his left hand, specifically his fifth metacarpal, *i.e.*, his little finger.

2

¶4 Over the next several months, Reis sought treatment from LaDonna Maxwell, a family nurse practitioner who owns and operates her own medical practice in Great Falls, Montana. During this time, Maxwell also referred Ries to a chiropractor, a pain specialist, and an orthopedist, all of whom Reis saw on multiple occasions.

¶5 In January 2013, Reis filed a complaint alleging that Luckett's negligence caused the injuries for which he was seeking compensatory damages. Luckett acknowledged liability but disputed the extent to which the accident was the cause of Reis's injuries. The District Court held a jury trial in December 2014 and the parties stipulated to a special verdict form that contained two questions, the first of which was: (1) Was Austin Luckett's negligence a cause of injury to Scott Reis? The jury answered this question "No" and consequently did not respond to the second question pertaining to the appropriate amount of compensatory damages.

¶6 In January 2015, Reis filed a Motion to Vacate Jury Verdict and Grant New Trial. He claimed the verdict was not supported by the evidence and that it was based on irregularities and misconduct of the jury because the jury discussed the issue of automobile insurance in the course of its deliberations. Luckett opposed the motion arguing that the jury reached a correct verdict based upon its determination that Reis was not a credible witness.

¶7 On March 3, 2015, the District Court granted Reis's motion for a new trial. The court held that while conflicting evidence was presented to the jury as to causation of Reis's claimed back and neck injuries, "the uncontroverted evidence proves Luckett's negligence caused injury to Reis's hand." The court continued that "[b]ecause the verdict

3

form did not differentiate causation of the two distinct injuries, the [c]ourt concludes the jury verdict must be vacated and a new trial ordered because the verdict contravenes the evidence on the hand injury and has materially affected Reis's substantial rights." The District Court rejected the argument that an irregularity or misconduct by the jury warranted a new trial.

¶8    Luckett appeals.

## STANDARD OF REVIEW

¶9    Where a motion for a new trial under § 46-16-702, MCA, is based on sufficiency of the evidence, we review the grant or denial of the motion de novo. *State v. Mackrill*, 2008 MT 297, ¶ 19, 345 Mont. 469, 191 P.3d 451.

¶10    Where a jury fails to award any damages when the only evidence of record supports an award, that verdict is not supported by substantial evidence and may be set aside. *Thompson v. City of Bozeman*, 284 Mont. 440, 446, 945 P.2d 48, 52 (1997).

## DISCUSSION

¶11    *Did the District Court err in granting Reis's motion for a new trial?*

¶12    In granting Reis's motion for a new trial, the District Court concluded that the jury's finding that Luckett's negligence was not a cause of injury to Reis could not be reconciled with the evidence concerning Reis's hand injury. The court noted that only two witnesses provided evidence regarding the hand injury. Maxwell diagnosed a "boxer's fracture" after reviewing x-rays of his hand. While she conceded on cross-examination that the x-ray report described the hand fracture as "possibly remote," she as Reis's primary care provider unequivocally attributed the fracture to the car

4

accident. Reis himself testified that his hand was broken when the airbag went off as a result of the accident, after which he had trouble opening and closing his hand and picking up objects. While it acknowledged there was conflicting evidence on causation with respect to the back and neck injuries claimed by Reis, the court concluded there was no conflicting evidence presented to the jury with respect to Reis's fractured hand. The court therefore ordered a new trial.

¶13 Luckett argues on appeal that Reis gave inconsistent testimony that undermined his credibility, and thus it was within the province of the jury to conclude that he failed to prove that *any* of his claimed injuries were related to the accident. Luckett relies on *Ele v. Ehnes*, 2003 MT 131, 316 Mont. 69, 68 P.3d 835, in which defendant Ehnes admitted to rear-ending the car in which plaintiff Ele was a passenger. *Ele*, ¶ 5. The collision was at low speed with no visible damage to Ehnes' vehicle and no structural damage to the car in which Ele was riding. *Ele*, ¶ 5. Ele sought damages for multiple injuries he claimed he sustained in the low-speed collision. *Ele*, ¶¶ 7-8. Ele testified that his injuries prevented him from "rough housing" with his children, bowling, jet skiing, dancing, roller skating, camping, and taking out the garbage. *Ele*, ¶ 9. His treating physician stated that the accident "had the potential" of making Ele's preexisting conditions symptomatic, but also stated that when Ele is distracted, he has greater movement abilities than he claims. *Ele*, ¶¶ 12-13. Moreover, Ele's co-workers testified that since the accident they had seen Ele jet skiing, bowling, bending and twisting whilst setting up a tent, carrying a heavy cooler, and placing heavy garbage into the large alley garbage can—all without apparent difficulty. *Ele*, ¶ 14.

5

¶14 The jury in *Ele* returned a defense verdict. *Ele*, ¶ 16. We affirmed on appeal, observing that the jury almost certainly deemed Ele's evidence that the minor accident caused his purported injuries not credible. *Ele*, ¶ 32. We found that the jury could have been swayed by the testimony of his co-workers, and by the fact that after Ele's physician testified that he had no reason to question the cause of Ele's claimed injuries, he admitted to being unaware that his patient had a pre-accident history of chronic back pain. *Ele*, ¶¶ 30 and 33.

¶15 In the case before us, by contrast, the undisputed testimony was that this was a serious three-car accident with substantial damage to all vehicles. Notably, there was no evidence offered to counter Reis's testimony that his hand was broken when his airbag inflated, nor was any evidence offered to counter the testimony of his care provider that the accident directly caused Reis's hand fracture. *Ele* is therefore readily distinguishable. For the same reason, we reject Luckett's reliance on *Moore v. Beye*, 2005 MT 266, 329 Mont. 109, 122 P.3d 1212, *overruled on other grounds by Giambra v. Kelsey*, 2007 MT 158, 338 Mont. 19, 162 P.3d 134, in which we affirmed a defense verdict because the jury had been presented with considerable conflicting evidence pertaining to Moore's claim of a back injury. There was no conflicting evidence presented to the jury concerning Reis's hand injury.

¶16 Luckett argues that Reis gave conflicting statements about why he dropped out of high school and why he was fired from employment among other things, and that the jury was thus free to find on the basis of this testimony that Reis was not credible. He maintains that we should not consider the evidence regarding Reis's broken hand in

isolation from the other evidence presented in the case. While we agree that it is within the jury's province to weigh the evidence and determine the credibility of the witnesses, "a jury is not free to disregard uncontradicted, credible, nonopinion evidence." *Renville v. Taylor*, 2000 MT 217, ¶ 26, 301 Mont. 99, 7 P.3d 400. We therefore conclude that the District Court did not err in granting Reis's motion for new trial.

**CONCLUSION**

¶17     For the foregoing reasons, we affirm the District Court's order granting Reis a new trial.


                                        /S/ PATRICIA COTTER

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE


Justice Laurie McKinnon, dissenting.


¶18     The issue on appeal is whether substantial evidence supported the verdict that Reis failed to prove his damages to his right hand were caused by the accident. The jury concluded that Ries failed to prove damages related to his neck and back were caused by the accident. I would find that there was conflicting evidence presented to the jury regarding the hand injury—primarily by the radiology report noting a remote fracture— and that, on this basis alone, Reis failed to meet his burden of proof. I would also conclude that the evidence relating to the boxer's fracture should not be considered in

isolation from all the evidence presented in the case and that such an approach is inconsistent with our instruction to juries that they are to determine the weight to be given a witness' testimony.

¶19    The evidence presented to the jury regarding Reis's hand injury and the boxer's fracture came from the expert opinion of LaDonna Maxwell.  Maxwell's assessment of Reis's injuries was that he had sustained a boxer's fracture.  In contrast to basing her opinion on medical history provided by Reis, Maxwell testified that an x-ray can show whether the fracture was an acute fracture or a long-term fracture.  The x-ray report admitted into evidence made the following findings:  "There are no prior studies available for comparison.  An oblique fracture is in the right fifth metacarpal neck.  This may be due to a remote fracture, however.  There is mild volar angulation.  Soft tissue swelling is present."  The conclusion, as set forth in the x-ray report, was a "boxer's fracture, possible remote.  Clinically correlate."

¶20    Here, the only testimony regarding Reis's right hand injury was conflicting since Maxwell testified she relied upon the report indicating the fracture was "possibly remote" to assess Reis's hand injury.  Maxwell's testimony is far from clear when she explains what "clinical correlation" means.  While she testifies, "Yes, and I say clinically it correlates," it is in response to counsel's question that, "This may be due to a remote fracture, however; correct?"  Reis never solicited any testimony from Maxwell of observable clinical findings (bruising, abrasions, etc.) from which a correlation could be made which negated a remote fracture.  Reis failed to ask any follow-up questions to

establish for the jury that Maxwell's opinion had merit beyond the unclear and conclusory assertion that, "I say clinically it correlates."

¶21 The only objective evidence before the jury was the x-ray report indicating that the fracture was possibly remote. In light of Maxwell's conflicting testimony, I would conclude that the x-ray report constituted substantial evidence supporting the jury's verdict of no causation relating to Reis's hand injury. In the context of the remaining evidence that was produced at trial, which I would conclude should be considered, it is my view that we have displaced the jury's function, which is to weigh the credibility of the witnesses and decide what weight to attribute to the evidence. "It is not this Court's function to agree or disagree with [a jury's] verdict." *Moore*, ¶ 8 (citation omitted). If "conflicting evidence exists, [a court does] not retry a case because the jury chose to believe one party over another." *Renville*, ¶ 14. "Even inherently weak and conflicted evidence may still be considered substantial." *Moore*, ¶ 8.

¶22 I would reverse the District Court's order granting a new trial.

/S/ LAURIE McKINNON